Clark *v.* Cottrell.

---

## CLARK *vs.* COTTRELL.

One of several heirs bought out the interests of his co-heirs in the lands descended, taking a separate deed from each, in the same form. The widow of the ancestor having a right of dower in the land, and then occupying, without admeasurement, a certain thirty acres which was called her dower, the heirs in deeding to the purchaser, for the purpose of reserving to the widow her said dower, each made a reservation of such dower in these words : " The party of the first part reserves out of the above described land one-fourth of 30 acres of said land that was set off to" the widow " as her

Clark *v.* Cottrell.

right of dower or power of thirds." *Held* that the reservation was of the dower right, and that the grantee took the whole premises, subject to the right of dower, and not merely two thirds.

THIS was an action to recover the possession of one-fourth part of 30 acres of land situate in Denmark, Lewis county.

From 1814 to 1833, Gardiner Cottrell, father of the defendant, owned 100 acres of land in Denmark, and he died about the year 1833. His children were four, viz: Lewis, Ardelia, Albert and Sally. Soon after the old man's death, Lewis, the defendant, bought out the rest of the heirs, taking a deed in the like form from each. Ardelia had married Elisha Saxton, and they, by their deed, sold out to the defendant, in May, 1834. As the widow had a dower right in the land, which the heirs could not convey, and as she then occupied, without admeasurement, a certain 30 acres, which was called her dower, the heirs, in deeding to Lewis, for the purpose of reserving to their mother her said dower, and not to assume to convey what they did not then own, each made a reservation of such dower in these words : " The party of the first part reserves out of the above described land one-fourth of 30 acres of said land that was set off to mother as her right of dower or power of thirds." After this the land became valuable under the respondent's cultivation, the building of canals, &c. In 1854 the plaintiff procured Ardelia to quitclaim to him the same 100 acres which she had conveyed to the defendant in 1834. The widow died in December, 1861, and soon thereafter this suit was commenced. By it Clark seeks to eject the defendant from 7¼ acres of the land, under Ardelia's deed to him, which she had conveyed to Lewis more than 20 years before, and which Lewis, for all that 20 years, had occupied. The court held that the deed to Lewis of May, 1834, was a bar to this action, and nonsuited the plaintiff. The plaintiff, on exceptions, moved for a new trial.

Clark *v.* Cottrell.

*C. D. Adams,* for the plaintiff.

*Starbuck & Sawyer,* for the defendant.

*By the Court,* MULLIN, J.   I do not see how this case can be distinguished from *Swick* v. *Sears,* (1 *Hill,* 17.)   In that case, as in this, the whole farm was in terms conveyed to the defendant.   In both, the reservation was of an undivided part of the land covered by the widow's dower. And the court held that the reservation was of the dower right, or in other words, a conveyance of the whole farm subject to the life estate of the widow.   And that upon the determination of that estate, the defendant was absolute owner of the whole farm.   The learned justice who delivered the judgment of the court in *Swick* v. *Sears* seems to consider that if the reservation in the deed was to be construed without regard to the circumstances in reference to which the reservation was inserted in the deed, the title of the plaintiff would have been valid.   But construing the reservation clause in the light of surrounding circumstances, it was impossible not to see that it was the intention of the grantors, in that case, to convey the whole farm subject to the right of dower; and that it was not the intention to reserve any estate in the premises to the use of the grantors.   The circumstances which led the court to this conclusion were that the grantors owned the land subject to the right of dower; that if he had designed to convey but two-thirds of the land, language more expressive would have been used; and that the reference in the reserving clause to the dower right, shows that the parties had that interest in their minds when the clause was written; and that it was such interest and no other that was intended to be reserved.   To which considerations may be added the further one, that it is out of probability that the purchaser would buy a farm from which would be reserved a portion unlocated, and which

when located might seriously impair the residue. These considerations apply in all their force to the case in hand, and render necessary the same construction of the deed in the case that was given in the case cited.

The whole interest of the grantor in the farm is conveyed, excepting an undivided portion of the part set off to the widow. This interest the grantor did not own, and could not convey. That interest his own protection required to be excepted or reserved. There would seem to be no reason for excepting any other part of, or interest in, the premises. It would seem to be the interest of the parties that the title to the whole farm should pass; and there is no reason shown why it was important to the grantors to except the fee in the part set apart to the widow. With a satisfactory reason apparent for excepting the life estate of the widow, and none for excepting any other interest or share of the estate, it would seem to be giving effect to the intention of the parties, to hold such interest, and no other, reserved by the deed.

As was said by Justice Bronson in *Swick* v. *Sears,* if the intention had been to grant but a portion of the premises, the granting part of the deed would probably have contained words expressive of such intent, instead of commencing with words conveying the whole estate and then ending with a reservation of part of it.

In the case of *Swick* v. *Sears* the dower of the widow would seem not to have been set off; in this case it was set off to her by the heirs. I do not perceive how this difference between the cases affects the construction of the deed. If it would affect the case, it would be to give force to the construction of the deed in question. In the case cited, the grantor could not except any specified part of the land, because the dower had not been admeasured or set off, and because an undivided third part must be excepted. In this case, the dower having been set off, it was practicable to except a specific part of the land by

metes and bounds or other description, rendering certain the part intended to be reserved. But if it was the intention to reserve the life estate only, it was of no moment whether the part to which such interest attached was or was not described. An intention not to convey the life estate was all that was necessary to the validity of the deed and the protection of the parties. For these reasons, I am of opinion that the plaintiff was properly nonsuited, and that the motion for a new trial should be denied.

ALLEN, J., dissented.

New trial denied.

[ONONDAGA GENERAL TERM, January 5, 1864. *Mullin, Allen, Morgan* and *Bacon* Justices.]